```
                    UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF OHIO


PAUL DANFORTH,                    )    CASE NO. 1:07 CV 119
                                  )
        Petitioner,               )    JUDGE JAMES S. GWIN
                                  )
   v.                             )
                                  )    MEMORANDUM OF OPINION
PROBATION OFFICER POLITO,         )    AND ORDER
                                  )
        Respondent.               )
```

On January 16, 2007, petitioner pro se Paul Danforth filed the above-captioned petition for writ of habeas corpus under 28 U.S.C. § 2254.  Danforth challenges his 2004 conviction, pursuant to a guilty plea, for felony non-support.  For the reasons stated below, the petition is denied and this action is dismissed.

A federal court may entertain a habeas petition filed by a person in state custody only on the ground that he is in custody in violation of the Constitution, laws, or treaties of the United States.  28 U.S.C. § 2254(a).  In addition, petitioner must have exhausted all available state remedies.  28 U.S.C. § 2254(b).

As grounds for the petition, Danforth asserts 1) the trial court coerced him to plead guilty; 2) false evidence was submitted by the prosecution based on due process violations at a civil hearing; 3) the basis for the criminal charge stemmed from a

due process violation in a domestic relations civil proceeding wherein the amount of support ordered was improperly calculated. Without regard to the potential merits of these grounds, it is evident on the face of the petition that they have yet to be raised and exhausted via direct appeal or postjudgment motion in the Ohio courts. The petition is thus premature.[1]

Accordingly, this action is dismissed without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253.

IT IS SO ORDERED.


Dated: March 22, 2007                    s/     James S. Gwin
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[1] To the extent petitioner seeks to have this court review the constitutionality of the domestic relations court judgment, his claim is barred by the Rooker-Feldman doctrine. See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 483 n. 16 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923).